CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 2 9 2006

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

ROSS MCNEIL COLEMAN,                )
    Petitioner,                     )        Civil Action No. 7:06-cv-00680
                                    )
v.                                  )        **MEMORANDUM OPINION**
                                    )
COMMONWEALTH OF VIRGINIA,           )        By: Hon. James C. Turk
    Respondent.                     )        Senior United States District Judge
                                    )

Petitioner Ross McNeil Coleman, a Virginia inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Petitioner Coleman challenges the validity of his . Upon consideration of the petition, the court is of the opinion that it should be dismissed summarily without prejudice, pursuant to Rule 4 of the Rules Governing § 2254 Cases. A petition may be dismissed under this rule if it is clear from the petition that the petitioner is not entitled to relief.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. Preiser v. Rodriguez, 411 U.S. 475 (1973). If the petitioner has failed to exhaust state court remedies, the federal court must dismiss the petition. Slayton v. Smith, 404 U.S. 53 (1971). The exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. See O'Sullivan v. Boerckel, 526 U.S. 838 (1999). In Virginia, that court is the Supreme Court of Virginia. Va. Code. § 8.01-654. A non-death row felon in Virginia can exhaust his state remedies in one of three ways, depending on the nature of the claims he is raising. First, he can file a direct appeal to the Virginia Court of Appeals. See Va. Code

1

§ 17.1-406(A), with a subsequent appeal to the Supreme Court of Virginia if the Court of Appeals rules against him. Second, he can attack his conviction collaterally by filing a state habeas petition with the circuit court where he was convicted, with an appeal of an adverse decision to the Supreme Court of Virginia. See Va. Code § 8.01-654(A); § 17.1-406(B). Finally, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. See Va. Code § 8.01-654(A). Whichever route the inmate chooses to follow, it is clear that he ultimately must present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them.

In this case, the petition clearly shows that Coleman has not presented his current claims to the Supreme Court of Virginia as required. Petitioner's failure to exhaust his state remedies mandates summary dismissal of his petition by this court.[1] An appropriate final order will be entered this day.

The Clerk of the Court is directed to send certified copies of this memorandum opinion and final order to petitioner.

ENTER:     This 29 day of November, 2006.

Senior United States District Judge

---

[1] Petitioner may refile his federal habeas petition if he is unsuccessful in obtaining relief after presenting his claims to the Virginia Supreme Court through one of the three routes described. Petitioner is advised that his time to file state or federal habeas petitions is now limited. See 28 U.S.C. § 2244(d); Virginia Code § 8.01-654(A)(2). The federal time limit does not run while any properly filed state court appeal or habeas petition is pending, however. See 28 U.S.C. § 2244(d)(2).

2